UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE WILBERTO ANIBAN and
TERESA DAWN ANIBAN,

        Plaintiff,

v.

INDYMACK BANK, F.S.B, et al.,

        Defendants.

2:11-CV-1912 JCM (PAL)

**ORDER**

Presently before the court is defendant Quality Loan Service Corporation's motion to dismiss. (Doc. #6). Defendants Mark Bischof, LSI Title Company, Rick Wilken, Fidelity National Default Solutions, and Michelle Nguyen have joined in the motion. (Docs. #9 and 15). Plaintiffs Jose Wilberto Aniban and Teresa Dawn Aniban have filed an opposition (doc. #13), to which the moving defendants have replied (doc. #15).

Also before the court is defendants GMAC Mortgage, LLC ("GMAC"), Fidelity National Default Services, incorrectly sued as GMAC Fidelity National Default Solutions, ("Fidelity"), and Mortgage Electronic Registration System's ("MERS") motion to dismiss. (Doc. #11). Plaintiffs have not filed an opposition to this motion.

**Background**

The facts alleged in the complaint establish that the instant dispute centers around the real property located at 10286 Kadumba Street, Las Vegas, NV 89178, Parcel Number 176-27813-094

**James C. Mahan**
**U.S. District Judge**

("Kadumba property") and 6538 Netherseal Avenue, Las Vegas, NV 89139, Parcel Number 176-11-111-079 ("Netherseal property").

Plaintiffs allege that the foreclosure documents related to both properties were "robo-signed," effectively voiding each defendants' interest in the subject properties. The Kadumba property was financed via a promissory note and deed of trust promising to repay $328,495 to IndyMac Bank, F.S.B. The deed was recorded March 3, 2008, in the official records of Clark County as document 20080303-0004014.[1] Mot. Dismiss, Ex. 1.

Quality Loan commenced foreclosure proceedings against the Kadumba property on May 11, 2009. *Id.* at Ex. 2. The foreclosure proceedings were halted, however, when Quality recorded a notice of rescission on June 1, 2009. *Id.* at Ex. 3. The foreclosure was apparently stopped because plaintiffs accepted a reinstatement plan from IndyMac bank, and paid $6,000 to reinstate their mortgage. Compl. ¶ 14. Quality Loan asserts that there is currently no foreclosure pending against the Kadumba property.

With regards to the Netherseal property, plaintiffs financed the purchase of the home pursuant to the execution of a note and deed of trust promising to repay the sum of $232,000 to Silver State Financial Services. The deed of trust was recorded as document number 20060519-0003342. Mot. Dismiss, Ex. 4. Silver State's nominee, MERS, subsequently assigned the deed of trust to IndyMac Federal Bank, F.S.B. This assignment was recorded as document number 20090209-0003484. *Id.* at Ex. 5. On December 22, 2008, Quality Loan was substituted as trustee and commenced non-judicial foreclosure on the Netherseal property. *Id.* at Exs. 6 and 7. The property was ultimately sold at public auction April 15, 2009, to IndyMac Federal. A copy of the trustee's deed upon sale recorded on April 22, 2009, as document number 20090422-0003662. *Id.* at Ex. 9.

. . .

---

[1] The court hereby takes judicial notice of the public records attached to defendants' motions to dismiss. *See* Fed R. Evid. 201; *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

James C. Mahan
U.S. District Judge

- 2 -

Subsequent to all of these actions involving the properties, plaintiffs filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. The petition was filed on October 9, 2009 and the bankruptcy court issued the chapter 7 discharge on March 16, 2010. *Id.* at Ex. 12. Plaintiffs' bankruptcy petition did not disclose the existence of their claims against any of the defendants in the instant suit.

Plaintiff's complaint contains eighteen causes of action. These include: (1) lack of standing (contending that IndyMac lacks standing to defend itself and that the foreclosing entities lack the authority to foreclose); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*; (3) violation of the Truth in Lending Act 15 U.S.C. § 1601, *et seq.*; (4) fraud in the concealment (contending that defendants concealed the fact that the loans were securitized); (5) fraud in the inducement (contending that defendants misrepresented that they had the authority to foreclose); (6) intentional infliction of emotional distress; (7) conversion/wrongful foreclosure; (8) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*; (9) "robo signers" (contending that the defendants prepared and approved the foreclosures without reviewing them); (10) notary fraud; (11) cancellation of instruments (seeks cancellation of the recorded deeds and related documents, alleging they are forgeries); (12) slander of title; (13) failure to consider loan modification; (14) set aside trustee sale; (15) civil conspiracy; (16) imposition of a constructive trust; (17) quiet title; and (18) declaratory relief.[2]

**Discussion**

1. Standard of Review

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil

---

[2] The court notes that several of these "causes of action" (cancellation of instruments, set aside trustee sale, imposition of a constructive trust, quiet title, and declaratory relief) are in fact requested remedies as opposed to legal claims.

James C. Mahan
U.S. District Judge

- 3 -

1  Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
2  can be granted."

3  Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor*
4  *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a
5  complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its
6  face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not
7  akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility
8  that a defendant has acted unlawfully. *Id.*

9  2.  Analysis

10  "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage
11  by asserting one position, and then later seeking an advantage by taking a clearly inconsistent
12  position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). In addition,
13  courts may invoke judicial estoppel because of "'general consideration[s] of the orderly
14  administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against
15  a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037
16  (9th Cir. 1990)). The application of judicial estoppel not only bars the assertion of inconsistent
17  positions in the same litigation, but it also bars litigants from asserting incompatible statements in
18  different cases. *Rissetto v. Plumbers and Steamfitters Local* 343, 94 F.3d 597, 600-601 (9th Cir.
19  1996).

20  As explained in *Hamilton*, there are three factors courts consider when applying the doctrine
21  of judicial estoppel. These include:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus no threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal citations omitted)).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    In order to establish insolvency, a bankruptcy debtor must list all assets, liabilities, and
2 claims. This includes the disclosure of any litigation likely to arise in the non-bankruptcy context.
3 *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). Accordingly,
4 plaintiffs were required to inform the bankruptcy court of existing claims, or risk having those claims
5 barred under the doctrine of judicial estoppel.

6    All of the claims asserted by the plaintiffs, other than the thirteenth cause of action relating
7 to the loan modification, relate to the foreclosures of the subject properties or the origination of
8 plaintiffs' loans. As such, these claims predated the bankruptcy petition and should have been listed
9 in the petition. Plaintiffs' failure to disclose the existence of these claims satisfies each of the three
10 factors courts weigh when determining the applicability of judicial estoppel. *See Hamilton*, 270 F.3d
11 at 784

12   First, by not stating the existence of these potential claims in the bankruptcy petition, and
13 now attempting to sue under these same causes of action, plaintiffs have raised "clearly inconsistent
14 positions." *Id.* ("Hamilton clearly asserted inconsistent positions. He failed to list his claims against
15 State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same
16 claims.").

17   The second factor also weighs in favor of judicially estoppel. Plaintiffs "succeeded in
18 persuading a court to accept" their earlier position, as evidenced by the chapter 7 discharge. By
19 discharging the debt, this court presumes that the bankruptcy court adopted plaintiffs' representation
20 regarding the lack of litigation in the non-bankruptcy context. *See id.* ("We now hold that Hamilton
21 is precluded from pursuing claims about which he had knowledge, but did not disclose, during his
22 bankruptcy proceedings, and that a discharge of debt by a bankruptcy court, under these
23 circumstances, is sufficient acceptance to provide a basis for judicial estoppel. . . .").

24   Lastly, this court finds that the plaintiffs would derive an unfair advantage by pursuing these
25 claims against the defendants after failing to disclose them for bankruptcy purposes. *Id.* The
26 *Hamilton* court summarized the unfair advantage gained in such a scenario, explaining:

27
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

> In this case, we must invoke judicial estoppel to protect the integrity of the bankruptcy process. The debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets. . . . Hamilton's failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and Hamilton's creditors, who relied on the schedules to determine what action, if any, they would take in the matter. Hamilton did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding.

*Id.* The plaintiffs in this case have derived a similar benefit by virtue of their chapter 7 petition. Accordingly, this court finds it appropriate to "invoke judicial estoppel to protect the integrity of the bankruptcy process." *Id.*

**Conclusion**

Accordingly, plaintiffs are judicially estopped from asserting all claims relating to the foreclosure or origination of the loan. The remaining cause of action, alleging that defendant IndyMac failed to properly consider the loan modification, is not subject to either of the pending motions to dismiss, as neither motion is brought by IndyMac, the sole named defendant to loan modification claim.[3] Therefore, the thirteenth cause of action shall remain.

For the reasons state above,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motions to dismiss (docs. #6 and 11) be, and the same hereby are, GRANTED.

IT IS THEREFORE ORDERED that each of plaintiffs' causes of action, other than the thirteenth cause of action stated against IndyMac Bank, F.S.B., and defendants Quality Loan Service Corporation, Mark Bischof, LSI Title Company, Rick Wilken, Fidelity National Default Solutions, Michelle Nguyen, GMAC Mortgage, LLC, and Mortgage Electronic Registration System be, and the same hereby are, DISMISSED.

DATED January 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The record reflects that defendant IndyMac Bank, F.S.B has yet to be served with the complaint.